

**CALIBER**
HOME LOANS

December 24, 2019

GLORIA RAMIREZ
C/O JOSEPH CHANG

███████████████

Account Number: ████████
Property Address: ████████████

Dear GLORIA RAMIREZ,

Thank you for contacting Caliber Home Loans, Inc. ("Caliber") to obtain assistance for your above-referenced loan. Your request for a loan modification has been approved and will be finalized if Caliber receives the following from you **on or before 01/13/2020**:

- Original copy of the enclosed Modification Agreement signed by each borrower who signed the original loan documents.

Please return to:
Caliber Home Loans, Inc.
**Attn:** SPOC Department
13801 Wireless Way
Oklahoma City, OK 73134

**The signed Modification Agreement must be received by the date indicated above. Otherwise, the modification will not be completed, and Caliber may seek to pursue any and all rights under the Note and Security Instrument.**

**Enclosed is a prepaid envelope for your convenience. We appreciate your urgent attention to this matter.**

If you have any questions regarding this information, or if you have any other concerns regarding your loan, please contact us toll free at (800) 401-6587. Our hours of operation are Monday - Thursday 8:00 a.m. - 8:00 p.m., CST Friday 8:00 a.m. - 7:00 p.m., CST.

Sincerely,

Single Point of Contact
SPOC Department
Caliber Home Loans, Inc.

Enclosures

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy

Private Approval Cover Letter



Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

This document was prepared by: Caliber Home Loans Inc.

## LOAN MODIFICATION AGREEMENT
### 5 YEAR WITH STEP, PRINCIPAL DEFERMENT, AND FORGIVENESS

**To the Borrower: This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.**

**This Agreement (the "Agreement") is dated as of December 24, 2019, but effective as of the Modification Effective Date defined herein, by and between GLORIA RAMIREZ (collectively, the "Borrower" or "you") and Caliber Home Loans, Inc. (the "Servicer"), on behalf of the current owner of your loan (the "Lender").**

**RECITALS:**

A.  Borrower has a mortgage loan, account number ▮▮▮▮▮▮ (the "Loan"). This loan is secured by property commonly referred to as ▮▮▮▮▮▮▮ (the "Property").

B.  Borrower signed the following documents in connection with the Loan:

- Note dated August 31, 2007 in the original amount of $484,500.00 (the "Note").

- Mortgage, Security Deed, or Deed of Trust on the Property, recorded in real property records of BERGEN County, NJ (the "Security Instrument"), with an original stated maturity date of September 1, 2057.

- The Note and the Security Instrument, together with all documents executed in relation to the Note and the Security Instrument, and in addition to any loan modification previously entered into by Borrower, are called the "Loan Documents".

C.  Borrower has provided information to Servicer, and Borrower and Servicer want to modify the terms of the Note and Security Instrument.

In consideration of the foregoing Recitals and the terms, conditions, representations and warranties, and mutual covenants and agreements herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower and Servicer (collectively, the "Parties"), mutually agree as follows:

1. **Conditions to Effectiveness of Agreement.**

    a.  This Agreement will only be effective after Borrower signs and returns a signed original of this Agreement to Servicer on or before January 13, 2020.

    b.  Lender will not be obligated or bound to make any modification of the Loan Documents if the Borrower fails to meet any one of the requirements under this Agreement.

2. **Modification of the Loan Documents**

    If the conditions of this Agreement are satisfied, then your Loan is modified as follows:

---



<u>Modification Period</u>: The payments on your loan will be modified from the effective date of the modification, which will be January 1, 2020 (the "Modification Effective Date"). You will pay the initial modified amount from the Modification Effective date until January 1, 2025 ("Initial Modification Period"). At the end of the Initial Modification Period, and beginning at Year 6, your interest rate and corresponding monthly principal and interest payment will increase in accordance with the table below until Year 2026, when your interest rate will remain fixed for the balance of the term of your Loan.

<u>Term Extension</u>: The term of the Note has been extended and the new maturity date of the Loan will be January 1, 2060.

<u>Combined Principal Balance</u>: On the Modification Effective Date, the Combined Principal Balance payable under the note is $672,211.77 (the "Combined Principal Balance"). This amount consists of unpaid and deferred interest, previously deferred amounts, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, less any amounts paid to Servicer but not previously credited to my loan. I understand that by agreeing to add these amounts to the outstanding principal balance, the added amounts accrue interest based on the interest rate in effect under this Agreement unless those amounts are either deferred as non-interest bearing or forgiven as specified in this Agreement.

<u>Debt Forgiveness</u>: $87,211.77 of the Combined Principal Balance is hereby permanently forgiven.

<u>Deferred Amount(s)</u>: We have agreed to defer your obligation to pay the following amount(s) (the "Deferred Amount(s)"):

Deferred Principal: $97,500.00

Deferred Amount(s) do not accrue interest. The Deferred Amount(s) will be due at the earlier of payment in full of the Note, acceleration, or the Maturity Date. If you sell the Property or refinance the Loan, you will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the Maturity Date and are required to be paid at or before that time. This means that if you make all the payments required by this Agreement, you will still owe the Deferred Amount to Servicer. The Deferred Amount may result in a significantly higher monthly payment on the Maturity Date.

<u>Interest Bearing Principal Balance</u>: The Combined Principal Balance minus the Deferred Amount(s) and Debt Forgiveness amount shall be referred to as the "Interest Bearing Principal Balance" and this amount is $487,500.00.

<u>Modified Monthly Payment Amount</u>: You promise to make modified monthly payments in an amount set forth in the table below beginning on the First Modification Payment Date and ending on the Maturity Date.

The total modified monthly payment amount may include modified monthly principal and interest payments, any monthly escrow payments (to the extent Servicer will pay escrowed amounts), and monthly payments for Ancillary Amounts, as identified below.

<u>Modified Interest Rate</u>: Interest will be charged on the Modified Interest Bearing Principal Balance at a rate of 2.5% (the "Modified Interest Rate") beginning on Modification Effective Date. You will make modified monthly principal and interest payments based on the Modified Interest Rate as applied to the Modified Interest Bearing Principal Balance beginning on the First Modification Payment Date and ending on the end of the Initial Modification Period.

<u>Summary of the Initial Modification Period Payments:</u>

| | |
|---|---|
| Modified Interest Bearing Principal Balance: | $487,500.00 |
| Modified Interest Rate: | 2.5% |



Modified Monthly Principal and Interest Payment:      $1,607.67
Monthly Escrow Payment (Taxes and Insurance)*:        $1,032.69
Total Modified Monthly Payment:                       $2,640.36
First Modification Payment Date:                       February 1, 2020
Maturity Date:                                        January 1, 2060

Interest Rate Change Table

| Years | Interest Rate | Interest Rate Change Date | Monthly Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 5 | 2.5% | 01/01/2020 | $1,607.67 Principal and Interest | $1,032.69 May adjust periodically | $2,640.36 May adjust periodically | 02/01/2020 | 60 |
| 1 | 3.50000% | 01/01/2025 | $1,858.58 Principal and Interest | May adjust periodically | May adjust periodically | 02/01/2025 | 12 |
| 34 | 3.73000% | 01/01/2026 | $1,917.67 Principal and Interest | May adjust periodically | May adjust periodically | 02/01/2026 | 408 |

*Your Monthly Escrow Payment is an amount calculated in accordance with the Loan Documents, and Federal and State law. This amount may change from time to time if escrow items (taxes and/or insurance) increase or decrease.

3.  **Events of Default.** A default under the terms of this Agreement constitutes a default under the terms of the Loan Documents. All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents shall also apply to default in the making of the modified payments hereunder.

4.  **Additional Covenants and Agreements.**

    The Parties further agree to and acknowledge each of the following:

    A.  All persons who signed the Loan Documents must sign this Agreement in person or by an authorized representative, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) Servicer has waived this requirement in writing. Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

    B.  Borrower certifies that all documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct, and Borrower agrees to be bound by the representations in the Loss Mitigation Application.

        I acknowledge that Servicer may be required to report any principal forgiveness to the IRS and that any tax liability arising out of that forgiveness shall be my responsibility. I further



acknowledge that Servicer has recommended that I consult my own tax advisor to determine how this forgiveness impact my personal situation.

C.    This Agreement supersedes the terms of any modification, forbearance, trial period plan or other workout plan that Borrower may have or have had in the past with Servicer or any prior servicer.

D.    Except as specifically modified by this Agreement, the terms of the Loan Documents remain in full force and effect and are duly valid, binding agreements, enforceable in accordance with their terms. This Agreement does not replace or release any terms in the Loan Documents, except as specifically modified by this Agreement. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.

E.    Borrower may not assign and no person may assume Borrower's rights under this Agreement or the Loan Documents without the prior written consent of the Servicer.

F.    If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

G.    If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees or expenses to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the date this Agreement is processed, then these amounts will become Deferred Amounts under the Loan Documents. Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement. Deferred Amounts do not accrue interest. The Deferred Amounts will be due at the earlier of payment in full of the Note, acceleration, or the Maturity Date. If you sell the Property or refinance the Loan, you will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the Maturity Date and are required to be paid at or before that time. This means that if you make all the payments required by this Agreement, you will still owe the Deferred Amount to Servicer. The Deferred Amount may result in a significantly higher monthly payment on the Maturity Date.

H.    Borrower will execute such other documents or papers as may be reasonably necessary or required to either (i) consummate the terms and conditions of this Agreement, or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided to Borrower for Borrower's signature. At the option of the Lender, if Borrower elects not to sign any such corrective documentation, the terms of the operative Loan Documents will continue in full force and effect, and such terms will not be modified by this Agreement.

I.    This Agreement constitutes notice that any waiver by Servicer as to payment of taxes, insurance and other escrow items has been revoked. Borrower agrees and understands that Borrower will



be required to pay certain escrow amounts as required by Servicer in accordance with applicable Federal and state law.

5. **No Waiver.**

Except as specifically provided herein, the Security Instrument shall remain unaltered and in full force and effect and is hereby ratified and confirmed by the Parties hereto. This Agreement shall not constitute a novation of the Security Instrument. The execution, delivery and effectiveness of this Agreement shall not, except as expressly provided herein, operate as a waiver of any right, power or remedy of any party under the Security Instrument.

To the extent Servicer may deem it necessary, Borrower will cooperate with Servicer to the extent any filing or action is required in Borrower's Bankruptcy Case in order to (a) obtain approval of this agreement (b) modify Borrower's bankruptcy plan (if Borrower is in a Chapter 13 bankruptcy) or (c) amend the proof of claim filed by Servicer with respect to this debt. If you are presently subject to a proceeding in Bankruptcy Court, the terms of this Agreement may be subject to Court approval in your jurisdiction. If Court approval is required in your jurisdiction, and the Court denies this Agreement, your Loan will revert to the terms in effect immediately prior to this Agreement, and will remain in full force and effect.

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect debt but is sent for informational purposes only.**

---

**BALLOON PAYMENT DISCLOSURE**

This Modification Agreement defers certain amounts, which creates a balloon that will be collected by the Servicer at the earlier of payment in full of the Note or the maturity date. Because these amounts are not included in your regular scheduled payments, even if you make all payments required by this agreement, the loan will not be paid in full at maturity. You therefore may be required to pay the entire outstanding balance in a single payment at the loan maturity date. Neither the Servicer nor Lender has any obligation to refinance or to offer you a new loan at maturity. You may have to seek new third-party financing and incur other additional financing costs at the time the balloon becomes due.

---

Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates indicated below

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement:

**Borrower**

_Gloria Ramirez_ 12/30/2019
**GLORIA RAMIREZ**   Date



**Lender**

**Caliber Home Loans, Inc.**

_____    **Date**

Account Number ██████████

LOAN MODIFICATION AGREEMENT
5 YEAR WITH STEP, PRINCIPAL DEFERMENT, AND FORGIVENESS

